hibitions contained in the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

The authority relied upon does not support the contention. The Supreme Court did not rule that a labor union has the right to force an employer to sell his goods at a fixed price. On the contrary, the Court simply held that it is the nature of the restraint that determines whether or not the Sherman Anti-Trust Act has been violated and it stated that "the restraint here * * * has not been shown to have any actual or intended effect on price or price competition" (which is certainly not true in the case at bar). Furthermore, the Court refused to maintain the contention that the Anti-Trust Act did not apply to labor unions and declared that the labor unions are subject to the provisions of the law when their activities result in an actual restraint of trade.

The difficulty in the instant case is that, no matter what may have been intended by the plaintiff union and regardless of how pure its motive was, the effect of the price-fixing covenant is to nullify competition among persons engaged in the cleaning and pressing business. It is, therefore, a combination in restraint of trade.

Plaintiff's suit was properly dismissed by the District Judge on the exception of no cause of action.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the result.

7 So.2d 673

JANISE v. BIEBER.

No. 36583.

March 30, 1942.

Atlee P. Steckler, of Ville Platte, and C. W. Berry, Jr., of Winnsboro, for relator.

Wesley H. Clanton, of Eunice, and E. Herman Guillory, of Ville Platte, for respondent.

HIGGINS, Justice.

The plaintiff instituted an action for damages in the sum of $10,000, said to have been sustained as a result of an alleged false arrest and imprisonment. In the petition he stated that he was unable, because of his poverty, to pay the present or future costs of court or to give bond therefor, and attached an affidavit of two alleged disinterested parties in support of those allegations. On October 14, 1941, the district judge signed an order permitting him to file the suit and to litigate without the payment of costs, present or future, or furnishing a bond in accordance with the provisions of Act 156 of 1912, as amended by Act 260 of 1918 and Act 165 of 1934.

Before answering the petition on the merits, the defendant traversed the truth of the plaintiff's statement that he was unable on account of his poverty and lack of means to pay the costs of court or to give bond to secure their payment and denied that the plaintiff was entitled to the benefits of the forma pauperis statute. The plaintiff was ordered to show cause why the order signed on October 14, 1941, relieving him of the payment of present and future costs of court because of his indigent circumstances, should not be rescinded and annulled.

On the return day November 21, 1941, by consent of all parties, the rule was continued and refixed for December 11, 1941, on which latter date the plaintiff filed his answer to the rule and announced himself ready for the trial. Upon the trial, the defendant directed the court's attention to articles 23 and 27 of the plaintiff's petition for the purpose of showing that under the sworn allegations of those two articles, it appeared that the plaintiff was not a pauper and not entitled to the benefits of the provisions of the statute and that, therefore, the order of the court had been inadvertently and improvidently granted. The plaintiff did not take the stand or offer any testimony or make any motion to amend his petition and submitted the matter on the theory that no evidence had been offered by the defendant to rebut the prima facie case established by the plaintiff's own affidavit supported by the affidavit of the two disinterested witnesses.

The district judge rendered judgment in favor of the defendant rescinding and vacating the order granting the plaintiff permission to proceed in forma pauperis, ordering the plaintiff to pay, within fifteen days, the costs accrued to that time, or, upon his failure to do so, that the suit be dismissed as of nonsuit. The plaintiff applied to this Court for writs of certiorari, prohibition and mandamus. We granted a writ of certiorari with a stay order and a rule to show cause returnable on March 9, 1942.

The respondent judge, in his return, avers that in article 23 of the plaintiff's petition it is stated that at the time of his alleged false arrest and imprisonment on August 1, 1941, less than ninety days before the filing of the suit and securing the order in question, he was employed as an oil field worker at a wage of $9.15 per day; that as a result of his arrest he lost

his job but was re-employed on September 17, 1941, less than thirty days before the filing of the suit, at a wage of $7.50 per day; that the plaintiff's petition is devoid of any allegation that on the date of the filing of the suit, October 14, 1941, he was not still employed at the wage of $7.50 per day; that the allegations of the plaintiff's petition also show that he claims $500 as damages for the loss of his wages from August 1, 1941 until September 17, 1941, but does not claim damages for any other loss of wages during any other period of time; that the court, under these circumstances, presumed that at the time of the filing of the suit, the plaintiff was still employed at a wage of $7.50 per day and therefore was not a pauper within the meaning of Act 156 of 1912, as amended, particularly when he was afforded an opportunity to testify that he was not so employed and receiving the wage of $7.50 per day or to explain his financial circumstances or to offer any evidence to show that he was in indigent circumstances, but failed or refused to do so; and that at the time he signed the order in favor of the plaintiff, the allegations of the petition indicating that he was not a pauper were not called to his attention and that if the plaintiff had done so, he would not have granted the order.

The stenographic note of evidence taken in connection with the rule to show cause reads as follows:

"By agreement of counsel for plaintiff and defendant the rule of traverse is submitted on the face of the pleading.

"This being all the testimony adduced in the trial of this case, this note of evidence is closed on this 11th day of December, A.D. 1941."

It will be remembered that the trial judge in his return stated that he presumed at the time of the filing of the suit that the plaintiff was still employed at a wage of $7.50 per day. The reason for this statement was that there was not any direct proof on that score. Both parties had announced themselves ready for trial and, apparently, had evidence which they considered sufficient to support their respective positions. None of this evidence was introduced and, therefore, the district judge was deprived of the knowledge he would have gained therefrom.

In this Court, the plaintiff, in connection with his application for the remedial writ, filed an affidavit stating that because of his impecuniary circumstances, he was unable to pay for the printing of a brief and requested the Court to permit him to file a typewritten brief. We granted him permission to do so.

Considering all of the facts and circumstances herein, it is our opinion that, in the interest of justice, this case should be remanded to the district court so that the question of whether or not the plaintiff is entitled to the benefits of the forma pauperis act can be accurately and definitely determined.

For the reasons assigned, the judgment complained of is annulled and set aside, and it is now ordered that this case is remanded to the district court for the purpose

of affording both the plaintiff and the defendant an opportunity to introduce such pertinent and relevant testimony or evidence which they may have, respectively, tending to show whether or not the plaintiff is in such indigent circumstances as to be unable to pay the present or future costs of court, or to furnish a bond securing the same; all costs of court to await the final disposition of the litigation.